# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. CR 20-0321 JB

GUY BRYAN,

      Defendant.

## MEMORANDUM ORDER AND OPINION

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Objections to the Presentence Report, filed April 22, 2021 (Doc. 37)("Sentencing Objections").  The primary issues are: (i) whether the drugs found in Defendant Guy Bryan's possession at the jail support a 4-level sentencing enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B), because there is no evidence proving when Bryan received those drugs, and (ii) whether a partially altered serial number on a firearm justifies a 4-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B).  The Court concludes, by a preponderance of the evidence, that: (i) the drugs were in Bryan's possession before he arrived at the jail and thus, support sufficiently the U.S.S.G. § 2K2.1(b)(6)(B) 4-level enhancement; and, (ii) the serial number on Bryan's firearm was altered partially, and a partial alteration supports sufficiently U.S.S.G. § 2K2.1(b)(4)(B)'s 4-level enhancement.  Consequently, the Court will overrule Bryan's Sentencing Objections.

**FINDINGS OF FACT**

1.      On June 25, 2019, law enforcement officers conducted a traffic stop on a blue Honda driving without its headlights in Albuquerque, New Mexico.  See Presentence Investigation Report ¶ 11, at 5, filed March 1, 2021 (Doc. 35)("PSR").

2.      As the vehicle slowed down, the vehicle's passenger fled on foot.  See PSR ¶ 11, at 5.  While officers pursued the passenger, a black object fell from his waistband, into the rocks.  See PSR ¶ 11, at 5.

3.      After officers apprehended the passenger, officers recovered a black Glock handgun in the rocks.  See PSR ¶ 12, at 5.

4.      Officers identified the passenger as the Defendant, Guy Bryan.  See PSR ¶ 12, at 5.

5.      The "firearm serial number had been altered as the number on the slide and on the barrel had been ground down.  However, law enforcement was able to run the firearm through the databases" to determine that the firearm was stolen.  PSR ¶ 13, at 5.

6.      Officers detained the vehicle's driver and discovered a small plastic bag with a clear rock substance, which was later tested and yielded positive results for methamphetamine.  See PSR ¶ 14, at 5.

7.      Bryan was transported and booked into the Bernalillo County Metropolitan Detention Center ("MDC").  PSR ¶ 15, at 5.

8.      "After he was booked in MDC, at 9:41 A.M., Defendant was taken with a group of other males to dress in jail-issued uniforms and be searched."  United States' Response to Defendant's Objections to the Presentence Report and Sentencing Memorandum, filed April 29, 2021 (Doc. 39)("Response").

9.      "While Defendant changed into the MDC uniform, officers observed a plastic bag concealed under his sandal."  Response at 2.

10.      Bryan "was found to be in possession of a bag which contained the following: a large amount of cigarettes; marijuana; a broken glass pipe; methamphetamine; heroin; suboxone and morphine.  These items were located in the defendant's shoe."  PSR ¶ 15, at 5.

## PROCEDURAL BACKGROUND

On January 29, 2020, a United States Grand Jury charged Bryan with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924.  See Indictment, filed January 29, 2020 (Doc. 2).  Officers arrested Bryan on January 31, 2020, and Bryan was arraigned in the United States District Court for the District of New Mexico on February 3, 2020.  See Clerk's Minutes at 1, filed February 3, 2020 (Doc. 10).  On November 30, 2020, Bryan pled guilty to being a felon in a possession of a firearm.  See Plea Agreement ¶ 7, ay 4, filed November 30, 2020 (Doc. 32).  Specifically, Bryan admitted:

> On June 25, 2019, within the District of New Mexico, I, Guy Bryan, knowingly possessed a Glock model 17, 9mm caliber pistol, bearing serial number BERF376, a firearm as defined by federal law. . . .  Further, prior to my possession of the firearm and ammunition, I had been convicted of the felony offenses that carried with them a term of incarceration exceeding on[e] year.  When I possessed the firearm and ammunition on June 25, 2019, I was aware that I had been previously convicted of a felony crime.

Plea Agreement ¶ 7, at 4.  On March 1, 2021, the United States Probation Office ("USPO") prepared the PSR.  In the PSR, the USPO recommends a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B), because Bryan's firearm had an altered or obliterated serial number, and a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), because Bryan used or possessed a firearm or ammunition in connection with another felony offense.  See PSR ¶¶ 22-23, at 6.

In his Sentencing Objections, Bryan objects to both 4-level enhancements pursuant to U.S.S.G §§ 2K2.1(b)(4)(B) and 2K2.1(b)(6)(B).  <u>See</u> Sentencing Objections at 8.  First, Bryan contends that, while "[i]t is correct that Mr. Bryan was found with drugs after his arrest, . . . it was several hours later after he had already been booked at MDC."  Sentencing Objections at 8.  Moreover, because there is a significant time between Bryan's arrest and the time the drugs were found, "[i]t is hard to imagine that Mr. Bryan was not searched before booking for drugs, which is the standard protocol at MDC when processing new inmates."  Sentencing Objections at 8.  Consequently, Bryan argues that there is no evidence linking his possession of the drugs to the firearm for which he was arrested.  <u>See</u> Sentencing Objections at 8.  Additionally, Bryan argues that the Court should not impose a 4-level enhancement for the firearm's altered serial number because "law enforcement was able to ascertain the serial number and enter it into their database, apparently without any trouble."  Sentencing Objections at 8.  Bryan argues, therefore, that applying the § 2K2.1(b)(4)(B) enhancement is "overly punitive."  Sentencing Objections at 8.

The United States responds.  <u>See</u> Response at 1.  The United States argues that the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) is proper, because the "Defendant was arrested as he fled from a car, which contained methamphetamine and a second firearm, and Defendant was later found with methamphetamine and other drugs on him."  Response at 4.  The United States contends that, if Bryan possessed the firearm simultaneously with the drugs, the 4-level enhancement should apply.  <u>See</u> Response at 4.  With regard to the 4-level enhancement pursuant to § 2K2.1(b)(4)(B), the United States argues that the enhancement "applies regardless of whether Defendant knew or had reason to know the firearm was stolen or had an altered or obliterated firearm."  Response at 5.  Moreover, according to the United States, Bryan's requisite intent -- and the ability of the police to track the firearm -- is of no matter to the enhancement's

- 4 -

application.  See Response at 5.  In the USPO's Addendum to the Presentence Report, filed May 18, 2021 (Doc. 40)("Amended PSR"), the USPO clarified that Bryan "was in fact found to be in possession of heroin, methamphetamine, suboxone, morphine and marijuana when being booked into custody," and "the defendant fled from a vehicle which had methamphetamine and an additional firearm."  Amended PSR at 2.

## ANALYSIS

The Court concludes that the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) applies, because the United States proves by a preponderance of the evidence that Bryan possessed drugs at the time of his arrest.  Because of the proximity of Bryan's firearm possession and drug possession, the Court concludes that Bryan possessed the firearm in connection with another felony offense.  Moreover, the Court concludes that the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) applies, because the firearm that Bryan possessed had an altered serial number, and the enhancement applies regardless whether law enforcement was hindered in identifying the firearm's serial number.

## I.   BRYAN POSSESSED A FIREARM IN CONNECTION WITH DRUG POSSESSION SUFFICIENT TO JUSTIFY U.S.S.G. § 2K2.1(b)(6)(B)'s APPLICATION.

U.S.S.G. § 2K2.1(b)(6)(B) provides: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels."  Application Note 14(C) specifies: "'Another felony offense', for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  U.S.S.G. § 2K2.1(b)(6)(B) cmt. 14(C).  Further, Application Note 14(A) clarifies that § 2K2.1(b)(6)(B) applies "if the firearm or

ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G.

§ 2K2.1(b)(6)(B) cmt. 14(A). The United States Court of Appeals for the Tenth Circuit has

explained: "The plain and commonly understood meaning of 'facilitate' is to make easier." United

States v. Marrufo, 661 F.3d 1204, 1207 (10th Cir. 2011). "The relevant inquiry is not whether [the

defendant's] handgun possession caused the felony offense, but whether it 'ma[d]e easier,' United

States v. Marrufo, 661 F.3d at 1207, or 'embolden[ed],' United States v. Justice, 679 F.3d [1251,]

1255 [(10th Cir. 2012)], the offense." United States v. Ortiz, 457 F. Supp. 3d 1129, 1142 (D.N.M.

2020)(Browning, J.). Moreover, "[t]he Tenth Circuit has held on several occasions that physical

proximity between a weapon and narcotics can be sufficient to satisfy § 2K2.1(b)(6)." United

States v. Gross, No. CR 16-0454 JB, 2016 WL 9021829, at *14 (D.N.M. Dec. 16, 2016)(Browning,

J.)(citing United States v. Bunner, 134 F.3d 1000, 1006 (10th Cir. 1998); United States v. Gomez-

Arellano, 5 F.3d 464, 467 (10th Cir. 1993)). In United States v. Justice, the Tenth Circuit reasoned

that,

> when the defendant is out and about, with drugs on his person and a loaded firearm
> within easy reach, one can infer that the proximity of the weapon to the drugs is not
> coincidental and that the firearm "facilitated, or had the potential of facilitating" the
> drug offense by emboldening the possessor.

679 F.3d at 1256 (quoting U.S.S.G. § 2K2.1(b)(6)(B)). In United States v. Pacheo, No. CR 13-

2643 JB, 2014 WL 3421063, at *13 (D.N.M. July 8, 2014)(Browning, J.), the Court applied the

§ 2K2.1(b)(6)(B) enhancement where the defendant was operating an automobile theft operation

at his place of business and had several firearms locked away in a trailer. See United States v.

Pacheo, 2014 WL 3421063, at *13. In United States v. Pacheo, the Court upheld the

enhancement's application, because the firearms were found in close proximity to narcotics, and

the connection of the firearm with drug trafficking offenses justified the enhancement's application.  See 2014 WL 3421063, at *13.

The Court concludes that the United States has demonstrated by a preponderance of the evidence that Bryan possessed marijuana, methamphetamine, heroin, suboxone, and morphine at the time of his arrest.  The Amended PSR clarifies that Bryan possessed the marijuana, methamphetamine, heroin, suboxone, and morphine "when being booked into custody" for his firearm arrest.  Amended PSR at 2.  The United States contends that the bag containing the drugs was found when Bryan "changed into the MDC uniform" and "officers observed a plastic bag concealed under his sandal."  Response at 2.  Moreover, both the UPSO, in the Amended PSR, and the United States, call attention to the fact that Bryan fled from a vehicle in which officers also found methamphetamine.  See Amended PSR at 2; Response at 2.  The Tenth Circuit is clear that "proximity between a weapon and narcotics can be sufficient to satisfy § 2K2.1(b)(6)."  United States v. Gross, 2016 WL 9021829, at *14 (citing United States v. Bunner, 134 F.3d at 1006).  Here, the Court concludes that the United States demonstrates by a preponderance of the evidence that Bryan possessed marijuana, methamphetamine, heroin, suboxone, and morphine at the same time he possessed a firearm, because Bryan was in police custody between the time that he was apprehended and when he was booked at MDC, which implies that the drugs found on him at MDC were on him at the time of his arrest.  Consequently, the Court concludes that Bryan possessed a firearm in connection with another felony offense, and, therefore, that the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) applies.

## II.    THE FIREARM HAS AN ALTERED SERIAL NUMBER, JUSTIFYING U.S.S.G. § 2K2.1(b)(4)(B)'s APPLICATION.

U.S.S.G. § 2K2.1(b)(4)(B) provides: "If any firearm . . . had an altered or obliterated serial number, increase by 4 levels."  Application Note 8(B) states: "Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number."  U.S.S.G. § 2K2.1(b)(4)(B) cmt. 8(B).  In United States v. Horey, 36 F.3d 1106, at *2 (10th Cir. 1994)(table), the Tenth Circuit upheld U.S.S.G. § 2K2.1(b)(4)(B)'s application where a "revolver's serial number was partially obscured or obliterated."  While the parties do not cite any binding Tenth Circuit precedent -- and the Court has found none -- holding that law enforcement officers' ability to identify the serial number of a firearm makes the U.S.S.G. § 2K2.1(b)(4)(B) inapplicable, the United States Court of Appeals for the Eighth Circuit has considered a similar argument.  In United States v. Thigpen, 848 F.3d 841, 845 (8th Cir. 2017), the defendant argued that § 2K2.1(b)(4)(B) was inapplicable, because only one of the pistol's three serial numbers was altered, and officers identified the firearm from the two unaltered numbers. United States v. Thigpen, 848 F.3d at 845.  The Eighth Circuit held that § 2K2.1(b)(4)(B) applies "when the serial number on the frame of a firearm is obliterated even if the other serial numbers on the firearm, like the one left intact on the slide [and the barrel] of this weapon, are unaltered." United States v. Thigpen, 848 F.3d at 846 (quoting United States v. Serrano-Mercado, 784 F.3d 838, 850 (1st Cir. 2015)).  See also United States v. Warren, 820 F.3d 406, 408 (11th Cir. 2016)("[T]he § 2K2.1(b)(4(B) enhancement applies either when any serial number on a gun has been altered or obliterated or when just one serial number has been altered or obliterated.")(emphasis in original).  Moreover, in United States v. Justice, 679 F.3d 1251 (10th Cir. 2012), the Tenth Circuit held that § 2K2.1(b)(4)(B) applies where a serial number was altered

but restored through a chemical process by a laboratory, which was then able to recover the serial number.  United States v. Justice, 679 F.3d at 1254-55.  The Tenth Circuit reasoned that "the purpose of the guideline enhancement . . . is 'to discourage the use of untraceable weaponry.'" United States v. Justice, 679 F.3d at 1255 (quoting United States v. Carter, 421 F.3d 909, 914 (9th Cir. 2005)).

The Court concludes that § 2K2.1(b)(4)(B)'s 4-level enhancement applies, because the United States demonstrates by a preponderance of the evidence that the firearm Bryan possessed had an altered serial number.  First, the Court notes that Bryan made no legal or factual objections to § 2K2.1(b)(4)(B)'s application.  See Sentencing Objection at 8.  While acknowledging that the "case law supports enhancements for partially altered serial numbers," Bryan argues that the enhancement is "overly punitive," because law enforcement officers were able to trace effectively the gun.  Sentencing Objection at 8.  Given that § 2K2.1(b)(4)(B) has no intent requirement, and United States v. Justice held that officers' ability to recover the serial number does not negate § 2K2.1(b)(4)(B)'s application, Bryan's argument does not succeed.  Moreover, the reasoning of the First, Eighth, and Eleventh Circuits, that § 2K2.1(b)(4)(B)'s application is warranted when only one serial number is altered or obliterated, is persuasive here.  Based on the United States' attached photographs documenting the altered serial numbers of the firearm, the Court concludes that the United States demonstrates by a preponderance of the evidence that § 2K2.1(b)(4)(B)'s 4-level enhancement is warranted here.  See Photographs (not dated), filed April 29, 2021 (Doc. 39-1).  Accordingly, Bryan's Sentencing Objections are overruled.

**IT IS ORDERED** that: (i) Defendant Guy Bryan's Objection to U.S.S.G. § 2K2.1(b)(6)(B)'s application in the Defendant's Sentencing Memorandum and Objections to the Presentence Report, filed April 22, 2021 (Doc. 37)("Sentencing Objections"), is overruled; and,

(ii) Bryan's Objection to U.S.S.G. § 2K2.1(b)(4)(B)'s application in the Sentencing Objections, is

overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Timothy Dale Trembley
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Carey Corlew Bhalla
Law Office of Carey C. Bhalla LLC
Albuquerque, New Mexico

       *Attorney for the Defendant*